IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | Cr. No. 03-20253-B |
| MICHAEL P. MALLEY, | X X | |
| Defendant. | X X X | |

ORDER DENYING MOTION FOR FREE TRANSCRIPTS
AND
ORDER DENYING MOTION TO COMPEL THE CLERK TO PRODUCE TRANSCRIPTS,
OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME
TO FILE MOTION UNDER 28 U.S.C. § 2255

On June 13, 2005, the defendant, Michael P. Malley, Bureau of Prisons registration number 18821-076, an inmate at the West Tennessee Detention Facility in Memphis, filed a pro se motion requesting free transcripts. On September 13, 2005, Malley filed a motion to compel the Clerk to produce the requested transcripts, or in the alternative, a motion for an extension of time to file a motion under 28 U.S.C. § 2255.

On December 4, 2003, Defendant Malley pled guilty to one count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) in two separate cases, docket nos. 03-20253-B and 03-20018-B. Malley was sentenced to two concurrent terms of 168 months imprisonment, along with two concurrent three year periods

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-15-05



of supervised release. The Court entered its judgment imposing sentence on February 18, 2005. Malley did not appeal.

Malley requests free transcripts of his change of plea and sentencing hearings.[1] If an indigent criminal defendant seeks a free transcript to use in preparing a motion under 28 U.S.C. § 2255, he may only obtain one "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f).

In order for the Court to decide if the suit is not frivolous, a defendant must make a particularized showing of need for the transcript to justify providing the transcript at government expense. United States v. MacCollom, 426 U.S. 317, 326 (1976). "A federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent." Campbell v. United States, 538 F.2d 692, 693 (5th Cir. 1976). See also United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979)(no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); Bentley v. United States, 431 F.2d 250, 252 (6th Cir. 1970)(defendant not entitled to free transcript to search for grounds to file a motion under § 2255); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)("An indigent is not entitled to a transcript at government

---

[1] Malley also seeks copies of transcripts for hearings on pre-trial motions. The case file does not contain any transcripts for pre-trial motions, nor does the docket reflect that any hearings were held on pre-trial motions.

2

expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").[2]

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith."

Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)(quoting United States v. Lawler, 172 F. Supp. 602, 605 (S.D. Tex. 1959)).

Malley provides no factual basis supporting any claims to be derived from the requested transcripts. The defendant has thus not shown any particularized need for transcripts, and the Court has no grounds on which it can conclude, as required by section 753(f), that a motion to vacate, if filed, would be nonfrivolous.

Accordingly, the motion for free transcripts is without merit and is DENIED. Because Malley's underlying motion for free transcripts is without merit, his motion to compel the Clerk to produce the requested transcripts is also DENIED.

Should the defendant merely seek to purchase copies of transcripts, he should correspond directly with the court reporter through the Court Clerk's office and make the appropriate arrangements for pre-payment.

---

[2] Moreover, there is a split of authority regarding whether the transcript may be obtained before the actual filing of the § 2255 motion. Cf. United States v. Losing, 601 F.2d 851 (8th Cir. 1979)(transcript cannot be provided under § 753(f) until § 2255 motion actually has been filed) with United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964)(transcript should be provided to assist in preparation of motion if the putative movant makes a showing of need). For a thorough analysis of the underpinnings of these two cases and their progeny, see United States v. Chambers, No. 87-CR-80933-DT-04, 1992 U.S. Dist. LEXIS 4024 (E.D. Mich. March 23, 1992). The inadequacy of defendant's motions renders resolution of this issue unnecessary.

3

With regard to Malley's motion for an extension of time to file a motion to vacate, this Court does not have the authority to grant extensions of time to file § 2255 motions. Starnes v. United States, 18 Fed. Appx. 288, 293 n.2 (6th Cir. Aug. 22, 2001) ("[W]e note that the fact that the statute of limitations may be waived does not mean that the courts have the power to extend the period upon motion of a defendant. The courts that have addressed this issue have uniformly held that they lack jurisdiction over motions to extend the time in which to bring § 2255 motions; rather, the court may not consider the timeliness of a § 2255 motion until the petition is actually filed."); Reed v. United States, 13 Fed. Appx. 311, 313 (6th Cir. June 15, 2001) (affirming dismissal of § 2255 motion as time barred; "Although Reed argued that the district court had granted him leave to file an untimely § 2255 motion in a letter predating the filing of his motion, the district court did not have the authority to do so. Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion."); see also United States v. Chambliss, No. 97-1655, 1998 WL 246408, at *1 (6th Cir. May 4, 1998) ("The timeliness of a § 2255 motion can be addressed by the district court if and when a § 2255 motion is filed. There is currently no case or controversy and this court does not render advisory opinions.").

Defendant's motion for an order extending the limitations period is DENIED. The defendant also should not assume that the pendency of this motion tolled the time for filing a § 2255 motion. See Starnes, 18 Fed. Appx. at 293 n.2.

4

IT IS SO ORDERED this __14th__ day of November, 2005.

                                                J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:03-CR-20253 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Michael Patrick Malley
FCI-MEMPHIS
18821-076
P.O. Box 34550
Memphis, TN 38134

Honorable J. Breen
US DISTRICT COURT